UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GLENDON WILLIAMS,

                              Plaintiff,

       -against-

THE CITY OF NEW YORK, DETECTIVE MICHAEL CORVI, UNDERCOVER OFFICER JOHN DOE, POLICE OFFICERS JOHN DOES 1-4, CORRECTION OFFICERS JOHN DOES 1-4,

                              Defendants.

------------------------------------------------------------------------ x

**ECF CASE**

**COMPLAINT**

07 CV 5631 (DLC)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  This case arises from an October 12, 2006 incident in which several members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, an illegal strip search, malicious prosecution, and fabricated evidence.  This case further arises from an October 14, 2006 incident in which members of the New York City Department of Correction ("DOC") illegally strip searched plaintiff in a nonprivate manner during plaintiff's admission to Rikers Island Correctional Facility.   Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claim of malicious prosecution. With respect to this state law claim, a notice of claim was duly filed on the City of New York within 90 days of the dismissal of the criminal charges filed against plaintiff, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claim of malicious prosecution.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's rights under federal law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street. Further, venue is proper pursuant to 28 U.S.C. § 1391(b) because plaintiff was illegally strip searched at Rikers Island Correctional Facility, which is located in this district.

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Detective Michael Corvi is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest. Corvi is liable for directly

participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates. Corvi is sued in his individual capacity.

8. Undercover Officer John Doe is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest. Doe is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers and subordinates. Doe is sued in his individual capacity.

9. Police Officers John Does 1-4 are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest. John Does 1-4 are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers and subordinates. John Does 1-4 are sued in their individual capacities.

10. Correction Officers John Does 1-4 are members of the DOC who conducted the nonprivate strip search of plaintiff during plaintiff's admission to Rikers Island. John Does 1-4 are sued in their individual capacities.

**STATEMENT OF FACTS**

11. On October 12, 2006, on Junius Street, in Brooklyn, New York, several police officers, including Police Officer Michael Corvi, seized and searched plaintiff without cause.

12. Subsequent to the seizure, one of the officers subjected plaintiff to excessive force by handcuffing plaintiff unreasonably tight causing marks on plaintiff's wrists and interfering with plaintiff's circulation.

13. Moreover, a different officer threw plaintiff to the ground causing plaintiff to land on his face and suffer pain and injury.

14. Those officers who did not make physical contact with plaintiff stood by and failed to take remedial action.

15. After being placed under arrest, plaintiff was taken to the 73rd Precinct.

16. At the precinct, two of the officers illegally strip searched plaintiff in front of other arrestees.

17. Plaintiff was later taken to Central Booking for further arrest processing and to await arraignment.

18. During this period, Police Officer Michael Corvi met with an Assistant District Attorney and misrepresented that plaintiff had sold and possessed drugs.

19. In the evening of October 14, 2006, plaintiff was arraigned in Criminal Court, Kings County. The judge set bail at $2,500.

20. Plaintiff was taken to Rikers Island Correctional Facility.

21. Upon admission to Rikers Island, several correction officers illegally strip searched plaintiff and ordered him to squat and cough. The aforesaid strip search took place in front of other inmates.

22. On October 15, 2006, plaintiff posted bail and was released from Rikers Island.

23. On April 27, 2007, after plaintiff and the NYPD defendants testified before the Grand Jury, the criminal charges maliciously filed against claimant by the police officers were dismissed.

24. As a result of defendants' actions, plaintiff experienced pain and physical injuries to his wrists, face, and body, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, loss of income, and damage to reputation. Moreover, plaintiff suffered the loss of a cell phone and $1,633.

**FEDERAL CLAIMS AGAINST DETECTIVE MICHAEL CORVI, UNDERCOVER OFFICER JOHN DOE, AND POLICE OFFICERS JOHN DOES 1-4**

25. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

26. The conduct of Detective Michael Corvi, Undercover Officer John Doe, and Police Officers John Does 1-4, as described herein, amounted to false arrest, excessive force, an illegal strip search, fabricated evidence, and malicious prosecution. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**STATE LAW CLAIM AGAINST DETECTIVE MICHAEL CORVI, UNDERCOVER OFFICER JOHN DOE, AND POLICE OFFICERS JOHN DOES 1-4**

27. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28. The conduct of Detective Michael Corvi, Undercover Officer John Doe, and Police Officers John Does 1-4, as described herein, amounted to malicious prosecution in violation of the laws of the State of New York.

**FEDERAL CLAIMS AGAINST CORRECTION OFFICERS JOHN DOES 1-4**

29.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30.     The conduct of Correction Officers John Does 1-4, as described herein, amounted to an illegal, nonprivate strip search.  This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, and Fourteenth Amendments to the United States Constitution.

**FEDERAL CLAIM AGAINST THE CITY OF NEW YORK**

31.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30 as if fully set forth herein.

32.     The City of New York directly caused the constitutional violations suffered by plaintiff.

33.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police and correction officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

34.     In addition, the City of New York, through its DOC, maintains a policy, practice and custom of illegally strip searching detainees in a nonprivate manner in front of other inmates.

35. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### STATE LAW CLAIM AGAINST THE CITY OF NEW YORK

36. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-35 as if fully set forth herein.

37. Because the NYPD defendants were acting within the scope of their employment as police officers when they filed charges against plaintiff and testified before the Grand Jury, the City of New York is vicariously liable under state law for the malicious prosecution of plaintiff.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

 a. Compensatory damages in an amount to be determined by a jury;

 b. Punitive damages in an amount to be determined by a jury;

 c. Costs, interest and attorney's fees;

 d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   June 13, 2007
           Brooklyn, New York

                                    CARDINALE & MARINELLI
                                    26 Court Street, Suite 1815
                                    Brooklyn, New York 11242
                                    (718) 624-9391

                                    By:

                                    *Richard J. Cardinale*
                                    _____
                                    RICHARD J. CARDINALE (RC-8507)