UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

Glendon Williams,

                                Plaintiff,           **ANSWER TO COMPLAINT**

            -against-                                JURY TRIAL DEMANDED

The City of New York, Detective Michael Corvi,      07 CV 5631 (DC)
Undercover Officer John Doe, Police Officers John
Does 1-4, Correction Officers John Does 1-4,

                              Defendants.
------------------------------------------------------------------X

        Defendants the City of New York and Michael Corvi by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke this Court's jurisdiction as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke this Court's supplemental jurisdiction as stated therein and admit that the City of New York Comptroller's office received, on or about May 11, 2007, what purports to be a Notice of Claim, purportedly signed by Glendon Williams and that no settlement has been reached.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports that venue is proper as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the complaint

6. Admit the allegations contained in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Michael Corvi is employed by the NYPD and admit that plaintiff purports to bring suit against him as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except deny that Undercover Officer Doe is liable for participating in the acts described and for failing to intervene to protect plaintiff, and admit that plaintiff purports to bring suit against him as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except deny that Police Officer John Does 1-4 are liable for participating in the acts described and for failing to intervene to protect plaintiff, and admit that plaintiff purports to bring suit against them as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to bring suit against Correction Officer John Does 1-4 as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that plaintiff was taken to Central Booking.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff was arraigned.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the truth of the allegations set forth in paragraph "21" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that a strip search took place in front of other inmates.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that the charges against plaintiff were dismissed.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

37. The allegations set forth in paragraph "37" of the complaint constitute conclusions of law rather than averments of fact to which no response is required.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

38. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

39. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

40. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the Defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

41. At all times relevant to the acts alleged in the complaint, Defendants City of New York's agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

42. Punitive damages cannot be recovered from the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

43. Plaintiff has not complied with the conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

44. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

45. At all times relevant to the acts alleged in the complaint, the individual defendant acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

46. Plaintiff provoked any incident alleged in the complaint.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

47. There was probable cause for plaintiff's arrest, detention and prosecution..

**WHEREFORE,** defendants request judgment dismissing the complaint in their entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         September 4, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of
        the City of New York
        Attorney for defendants City of New York,
        and Michael Corvi
        100 Church Street
        New York, New York 10007
        (212) 788-1300

By: _____
    LISA RABINOWITZ (LR 7946)

To:   Richard Cardinale, Esq.
      Cardinale & Marinelli
      26 Court Street, Room 1815
      Brooklyn, NY 11242